**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**DASHONE MARCEL REYNOLDS**                                   **CIVIL ACTION**

**VERSUS**                                                                      **NO.   22-101**

**ORLEANS CRIMINAL DISTRICT**                          **SECTION:   "E"(4)**
**COURT, ET AL**

**REPORT AND RECOMMENDATION**

This matter was referred to the United States Magistrate Judge to conduct a hearing, including an Evidentiary Hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **Title 28 U.S.C. § 636(b)(1)(B) and (C), § 1915(e)(2), and § 1915A**, and as applicable, **Title 42 U.S.C. § 1997e(c)(1) and(2)**. Upon review of the record, the Court has determined that this matter can be disposed of without an Evidentiary Hearing.

I.    **Factual Summary**

The plaintiff, Dashone Marcel Reynolds. ("Reynolds"), is incarcerated in the Orleans Justice Center (formerly Orleans Parish Prison) in New Orleans, Louisiana. He filed this pro se and *in forma pauperis* complaint pursuant to Title 42 U.S.C. § 1983 against the Orleans Criminal District Court, Judge Marcus O. DeLarge, Angela Sprague (Judicial Law Clerk), former Assistant District Attorney Kevin P. Guillory and present Assistant District Attorney John Alford, Public Defender Jennifer L. Hull, and Dr. Deland.

According to the complaint, the plaintiff alleges that Section "K" of the Orleans Criminal District Court has engaged in willful misconduct relating to official duties and abuse of power under the constitution of the United States. Plaintiff also alleges being jailed unlawfully and has

been begging for a speedy trial since June 30, 2021. He contends that he is innocent and does not provide information for the crime that he has been charged with.

Reynolds requests that the Court look into this matter. He again reiterates his innocence, noting that the state has no evidence and that the evidence will prove his innocence. He does not allege his entitlement to damages.

## II.    <u>Standard of Review for Frivolousness</u>

Title 28 U.S.C. § 1915(e) and § 1915A, and with specific reference to prison conditions, Title 42 U.S.C. § 1997e(c), require the Court to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous. The Court has broad discretion in determining the frivolous nature of the complaint. *See Cay v. Estelle,* 789 F.2d 318 (5th Cir. 1986), *modified on other grounds, Booker v. Koonce,* 2 F.3d 114 (5th Cir. 1993). However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under this statute, a claim is frivolous only when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams,* 490 U.S. 319 (1989); *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998). A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Harper v. Showers,* 174 F.3d 716, 718 (5th Cir. 1999). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992); *Neitzke,* 490 U.S. at 327-28. Therefore, the Court must determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins,* 27 F.3d 174, 176

(5th Cir. 1994); *see Jackson v. Vannoy,* 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus,* 976 F.2d 268, 269 (5th Cir. 1992).

### III.    <u>Analysis</u>

#### A.    **Orleans Criminal Court**

Reynolds has named as a defendant the Orleans Criminal District Court, and Division "K" specifically, as a defendant. He does not set forth any allegations of a more specific nature.

However, the claims must be dismissed because a state court is not a juridical entity capable of being sued under 42 U.S.C. § 1983. *Moity v. Louisiana State Bar Association*, 414 F.Supp. 180, 182 (E.D.La.) ("state courts are not considered 'persons' within the meaning of § 1983"), aff'd, 537 F.2d 1141 (5th Cir.1976); *Knight v. Guste*, Civ. Action No. 07-1124, 2007 WL 1248039, at *3 (E.D.La. Apr. 27, 2007).

#### B.    **Judge Marcus O. DeLarge**

Reynolds named Judge Marcus O. DeLarge ("Judge DeLarge"), a Criminal District Court Judge in Orleans Parish, as a defendant, as alleged in his complaint. Reynolds complains that he is being held in violation of the Speedy Trial Act, and that since June 2021, he has been begging for a speedy trial. He therefore argues that he is innocent of the charges.

Judges are immune from liability for judicial acts done within their jurisdiction. *Stump v. Sparkman*, 435 U.S. 349, 356, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978) (citing *Bradley v. Fisher*, 13 Wall. 335, 80 U.S. 335, 20 L.Ed. 646 (1871)); *Reynolds v. Delarge*, 2022 WL 3587850 ( July 11, 2022). "A judge, of whatever status in the judicial hierarchy, is immune from suit for damages resulting from any acts performed in [his or her] judicial role." *See Ammons v. Baldwin*, 705 F.2d

1445, 1447 (5th Cir. 1983) (citations omitted); as recognized by *Hill v. Shelander*, 992 F.2d 714, 716 (7th Cir. 1993); accord *Mays v. Sudderth*, 97 F.3d 107 (5th Cir. 1996).

Judicial officers are absolutely immune from liability for damages unless they are without jurisdiction. *Id*. at 111; *Dayse v. Schuldt*, 894 F.2d 170, 172 (5th Cir. 1990); *Freeze v. Griffith*, 849 F.2d 172, 175 (5th Cir. 1988). Additionally, a judge cannot be held liable for injunctive relief for "an act or omission taken in the officer's judicial capacity, unless a declaratory decree was violated or declaratory relief is unavailable." 42 U.S.C. § 1983.

Furthermore, even though Reynolds seeks an order requiring the judge to comply with the Speedy Trial Act, this Court has no power to direct a state court or its judicial officers in the performance of their duties when mandamus is the only relief sought. *In re Campbell*, 264 F.3d 730, 731 (7th Cir. 2001); *Santee v. Quinlan*, C.A. No. 96-3417, Record Doc. Nos. 3, 7, 8 (Nov. 5 & 27, 1996) (Duval, J.), aff'd, 115 F.3d 355, 356-57 (5th Cir. 1997); *White v. Stricklin*, No. 3:02-CV-688-D, 2002 WL 1125747, at *2 (N.D. Tex. May 23, 2002); *Norman v. Louisiana* S.Ct., No. 01-2225, 2001 WL 881298, at *1 (E.D. La. Aug. 3, 2001) (Duval, J.).

[A federal] court is without authority to order officials of the state court having jurisdiction over [a] plaintiff's criminal case to treat his claims in any particular way or to otherwise interfere with the rulings of its judges. *Hood v. Commissioner Foil*, Civ. Action No. 15-5853, 2013 U.S. Dist. LEXIS 165706, 2013 WL 6174614, at *3 (E.D. La. Nov. 21, 2013); *accord Gemelli v. Louisiana*, Civ. Action No. 19-13424, 2020 WL 3317033, at *6-7 (E.D. La. Apr. 29, 2020), *adopted*, 2020 WL 3297078 (E.D. La. June 18, 2020), *appeal dismissed*, No. 20-30426, 2021 WL 7953176 (5th Cir. Oct. 13, 2021).

Judge DeLarge in his official capacity cannot be sued because the claims are barred by the Eleventh Amendment because the claims are, in actuality, claims against the state. *See Rackley v. Louisiana*, Civ. Action No. 07-504, 2007 WL 1792524 at *3 (E.D. La. June 21, 2007). Therefore, the official capacity claims against Judge DeLarge are frivolous and subject to dismissal.

Additionally, although not clearly expressed, to the degree Reynolds seeks to pursue claims against Judge DeLarge in his individual capacity, these claims are also frivolous. As described above, Judge DeLarge is entitled to absolute judicial immunity for his conduct as a judge, including the alleged failure to bring Reynolds to trial within the speedy trial deadline. Therefore, the individual capacity claims are subject to dismissal.

### C.   The Assistant District Attorneys

Reynolds next named the former and present Assistant District Attorneys John Alford ("Alford") and Kevin P. Guillory ("Guillory"), as defendants in this case. Although not expressly stated, presumably, he sued them because the state charged him with crimes for which he claims that he is innocent. He also seems to imply that the district attorneys somehow violated the Speedy Trial Act.

Any claims for monetary damages against Assistant District Attorneys Guillory and Alford are barred by the doctrine of absolute immunity. A district attorney and his assistants are absolutely immune in a civil rights suit for any action taken pursuant to their role as prosecutors in preparing for the initiation of judicial proceedings and in presenting the state's case. *See Kalina v. Fletcher*, 522 U.S. 118, 129 (1997); *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976); Absolute immunity applies "[e]ven where the prosecutor knowingly used perjured testimony, deliberately withheld exculpatory information, or failed to make full disclosure of all facts." *Henzel v. Gerstein,* 608

F.2d 654, 657 (5th Cir. 1979). Absolute immunity protects prosecutors from all liability even when they act "maliciously, wantonly or negligently." *Morrison v. City of Baton Rouge*, 761 F.2d 242, 248 (5th Cir. 1985).

Plaintiff has not alleged any specific action against Assistant District Attorneys Alford and Guillory, which caused him to remain confined unlawfully. Furthermore, Plaintiff also has not alleged conduct on the district attorneys' part, that would fall outside of their role as the state's advocates. As such, they are entitled to absolute prosecutorial immunity. *See Imbler*, 424 U.S. at 430 (finding that absolute immunity protected prosecutor from suit even for knowingly using perjured testimony and suppressing material evidence at plaintiff's murder trial).

### D.    Judicial Law Clerk

Reynolds has also named Angela Sprague ("Ms. Sprague) as a defendant in this case, however, he has not set forth any allegations against Ms. Sprague.

Absolute immunity is extended to certain persons other than the judge who perform functions closely associated with the judicial process, including law clerks. Moreover, a law clerk is probably the one participant in the judicial process whose duties and responsibilities are most intimately connected with the judge's own exercise of the judicial function. *Acres Bonusing, Inc v. Marston*, 17 F.4th 901 (9th Cir. 2021). Court officers or employees are also protected by quasi-judicial immunity when they perform functions intimately related to, or which amount to an integral part of, the judicial process.

In the instant case, Reynolds named Ms. Sprague who is the judicial law clerk to Judge DeLarge. However, Ms. Sprague is entitled to absolute immunity. Notably, while Ms. Sprague is named in the suit, Reynolds fails to set forth any allegations against her. Reynolds has only alleged

that he is in jail in violation of the Speedy Trial Act. Nevertheless, Reynolds' claim implicates Ms. Sprague's duties as a judicial clerk, which is to assist Judge DeLarge in the execution of his duties. Therefore, the claims against Ms. Sprague should be dismissed as frivolous, and for failure to state a claim for which relief may be granted pursuant to § 1915(e) and § 1915A.

### E.  Jennifer L. Hull

Finally, Reynolds named Jennifer L. Hull ("Ms. Hull"), the appointed Public Defender. Again, other than naming Ms. Hull as a defendant, Reynolds fails to set forth any allegations against her. Even if he asserted a claim against her, she is not a state actor for purposes of § 1983.

His claim against Ms. Hull is unavailing because she is not a state actor for § 1983 purposes. *See Polk County v. Dodson*, 454 U.S. 312, 324–25, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981); *see also Mills v. Criminal Dist. Court No. 3*, 837 F.2d 677, 679 (5th Cir.1988). Therefore, the claims against Ms. Hull are frivolous.

### F.  Dr. Deland

Finally, Reynolds named Dr. Deland, who was appointed to conduct a sanity evaluation. He does not set forth any allegations against Dr. Deland.

However, only state actors may be sued under 42 U.S.C. § 1983. Court-appointed medical professionals, such as Dr. Deland, do not act under color of state law solely by virtue of conducting an examination evaluating a plaintiff's competency to stand trial. Plaintiff has therefore failed to state a claim under § 1983, and his claims against Dr. Deland should be dismissed. *See Sefiane v. Grove*, No. 1:18CV277, 2018 WL 7204228, at *2 (E.D. Tex. Aug. 7, 2018) ("[P]laintiff's claims against the defendants must fail because such defendants are not state actors."; *report and recommendation adopted*, No. 1:18CV277, 2019 WL 448888 (E.D. Tex. Feb. 5, 2019); *Pannell v.*

*Wells Fargo Home Mortg.*, No. 4:18-CV-0141, 2018 WL 3321442, at *5 (S.D. Tex. June 14, 2018) (granting motion to dismiss on § 1983 claims as "[plaintiff] makes no more than conclusory allegations that his rights have been violated). Therefore, the claims against Dr. Deland are frivolous and should be dismissed.

## IV.    **RECOMMENDATION**

It is **RECOMMENDED** that Reynold's § 1983 claims against Orleans Criminal District Court, Judge Marcus O. DeLarge, Angela Sprague (Judicial Law Clerk), former Assistant District Attorney Kevin P. Guillory and current Assistant District Attorney John Alford, Public Defender Jennifer Hull, and Dr. Deland be **DISMISSED WITH PREJUDICE** as frivolous and otherwise for failure to state a claim for which relief can be granted pursuant to Title 28 U.S.C. § 1915(e) and § 1915A.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this ___20th___ day of _____October_____, 2022.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**